FILED

2023 APR 24 PM 2: 19

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

SOUTHERN DISTRICT OF INDIANA
BANKRUPTYC COURT: ADVERSARY PROCEEDING

------------------------------------------------- x
                                    :

**In re**                                    :

**KABBAGE, INC. d/b/a KSERVICING,** *et al.,*  :

        **Debtors\*.**                         :

Chapter 11

Case No. 22-10951 (CTG)

(Jointly Administered)

Objection Deadline: April 6th, 2023

------------------------------------------------- x
------------------------------------------------- x

------------------------------------------------- x

**The Juneau Group, LLC.:**
Plaintiff(s)

vs.

**KABBAGE, INC. d/b/a KSERVICING, et al.,
AMERICAN EXPRESS INTERNATIONAL, INC.**
Defendant
------------------------------------------------- x
------------------------------------------------- x

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable are: Kabbage, Inc. d/b/a KServicing (3937); Kabbage Canada Holdings, LLC (N/A); Kabbage Asset Securitization LLC (N/A); Kabbage Asset Funding 2017-A LLC (4803); Kabbage Asset Funding 2019-A LLC (8973); and Kabbage Diameter, LLC (N/A). Kabbage is a trademark of American Express used under license; Kabbage, Inc. d/b/a KServicing is not affiliated with American Express. The Debtors' mailing and service address is 925B Peachtree Street NE, Suite 383, Atlanta, GA 30309

RLF1 28271248v.1

## COMPLAINT

Plaintiff(s) The Juneau Group, LLC, via Pro Se representation, files this Complaint pursuant to:

FRBP 7001(6) 523(a)(2), 7001(6) 523(a)(4), 7001(1).

FRBP 7001(8) Subordination of Claim or Interest.

FRBP 7001(10) Determination of Removed Action.

Against Debtor, KABBAGE, INC. d/b/a KSERVICING, et al., and alleges the following in support of requested relief:

## JURISDICTION

Venue is proper under 28 U.S.C. 1409.

## PARTIES

[1] Debtor Counsel

**RICHARDS LAYTON AND FINGER, P.A.**
DANIEL J. DEFRANCSCHI
AMANDA R STEELE, ESQ.
ZACHARY I. SHAPIRO ESQ.
MATHEW P MILANA, ESQ.

**WEIL, GOTSHAL & MANGES LLP**
RAY C. SCHROCK, P.C.
CANDACE M. ARTHUR, ESQ.
NATASHA S. HWANGPO, ESQ.

[2] Claims Agent: OMNI AGENT SOLUTIONS.

[3] Plaintiff: THE JUNEAU GROUP, LLC.

## BACKGROND FACTS

[1] The Defendant, formerly known as Kabbage, processed more than $7 billion worth of Paycheck Protection Program (PPP) loans before the company's "artificial intelligence" technology and a portion of its team were acquired by American Express in 2020, leaving behind the holding company, KServicing, to administer the remaining $1.3 billion portfolio of COVID relief loans.

[2] Defendent is using the bankruptcy process to obtain a reprieve from having to constantly defend against several federal and state investigations into its handling of the loans. In the pandemic, Defendant delivered more than $7 billion in PPP loans to more than 300,000 borrowers, making it the second-largest PPP lender in the nation by application volume, the company noted in its bankruptcy filing.

[3] The Defendant, which is in the process of winding down its operations, is "overburdened" by a number of disputes regarding its lending practices, requiring the firm to expend significant time and resources defending itself across "multiple costly fronts," the filing claims.

[4] In response to these circumstances, Defendant has chosen to rush through bankruptcy process, in District Court of Delaware in hopes of eliminating the liability of a broader suit targeted at parent American Express, Inc.

[5] A material class action suit is highly likely to be granted against American Express Inc. The change of branding and grey area of liability exchange serves as barrier to justice for all class action participants.

[6] In response to the risk listed above Defendant is issuing millions in legal fees per month for over-representation to accelerate the reorganization process. All of which materially impact creditors, and potential class action participants.

[7] Too much responsibility and suboptimal or non-existent technology, results in the misappropriation of resources. Issues which existed for Defendant during operation prior to bankruptcy proceedings are now extending into bankruptcy proceedings. All of which point to not only to Kabbage, Inc. but also American Express International, Inc. The newly formed parent corporation of the majority of entities within Kabbage, Inc's previous corporate structure. Negligence and unwillingness to act responsibly prior, during, and immediately following an acquisition is materially criminal.

## CAUSE(S) OF ACTION

FRBP 7001(6) 523(a)(2), 7001(6) 523(a)(4), 7001(1).

FRBP 7001(8) Subordination of Claim or Interest.

FRBP 7001(10) Determination of Removed Action.

[9] Violation of 14th amendment.

## DEMAND

[10] $1,560,000,000. American Express International, Inc. distributes roughly $1,560,000,000 to shareholders in dividends annually. A dividend is a stream of cash-flows. Public shareholders are not responsible for holding C-Suite liability. If executives determine an acquisition is accretive and strategic a deal is consummated. Financial risk, operational risk, organizational risk, and legal risk are all evaluated prior to inking a deal. Logically, evidence suggest American Express International did not "miss" anything. A decision was made in the C-Suite of Kabbage, Inc. and American Express International. Passing legal and financial liability from 300,000 small business borrowers of Kabbage Inc. to millions of public shareholders at American Express International in the clout of "technology" which does not exist.

[11] Judgement for evidence of "technology" at American Express International which was acquired, within a 24–48-hour period. Code to be published and reviewed by mutually acceptable third party.

[12] American Express International's ESG scores rank in the bottom quartile. Executives which "pass legal and financial liability" in the shroud of "technology" which does not exist is fraud and should be fired. No risk was passed at all, American Express International's acquisition of Kabbage Inc. was a hand-off.

[13] $1,560,000,000 is approximately one-year American Express dividend distribution (undiscounted). This value is right and just.

[14] Executives of American Express International should be removed immediately or placed on leave.